# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | SACV 11-00696-AG (MLGx) | **Date** | June 17, 2011 |
| **Title** | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

**Present: The Honorable** Marc L. Goldman, Magistrate Judge

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** In Chambers: Order Denying Plaintiffs' Motion to Compel Production of Documents

This matter is before the Court on Plaintiffs' motion to compel third party Michael Sachs to produce documents requested through a subpoena duces tecum. A hearing was held on June 7, 2011. For the reasons stated on the record at the hearing and more fully discussed below, the motion is denied.

## I. Background

Plaintiffs are the named representatives of two proposed classes in related lawsuits pending in the Southern District of Florida. (*See* Mot. to Compel, Ex. A.) Plaintiffs claim that Defendants, who import, market, and sell olive oil, falsely and deceptively label their products "Extra Virgin Olive Oil," in violation of Florida law. (Id.) Extra Virgin Olive Oil is the highest grade of olive oil, and Plaintiffs claim that Defendants' products are not worthy of that designation. (Id.)

On May 6, 2011, Plaintiffs filed a motion to compel third party Michael Sachs, an attorney, to produce documents related to olive oil testing performed at the behest of Sachs's firm when Sachs's firm was pursuing a similar class action lawsuit in Orange County Superior Court. The Orange County lawsuit was filed by Sachs's firm in August 2010 and claimed that numerous olive oil manufacturers and retailers violated California law by improperly labeling and marketing their products "Extra Virgin Olive Oil" when the products did not meet that standard. (Mot. to Compel, Ex. B.)

In December 2010, Sachs's law firm requested dismissal of the Orange County lawsuit without prejudice. (Mot. to Compel, Ex. C.) In requesting dismissal, Sachs filed a declaration explaining the request for dismissal as follows:

> "Callahan and Blaine has [] conducted exhaustive testing and analysis of the olive oil products of the Defendants in the instant action to confirm that they support the allegations made in the Complaint. Unfortunately, the results of the testing have been inconclusive and additional testing and analysis is necessary in order to determine whether this action should be maintained against the currently named Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00696-AG (MLGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

(Mot. to Compel, Ex. D.) The request for dismissal without prejudice was granted by the Orange County Superior Court on December 9, 2010. (Mot. to Compel, Ex. C.) Sachs's firm is still deciding whether to "commission additional testing and analysis" and/or pursue further litigation. (Opp. to Mot. to Compel at 6.)

## II. Motion to Compel

Plaintiffs filed this motion to compel on May 6, 2011, after Sachs objected to four production requests based on, *inter alia*, the work product doctrine. The documents were requested by Plaintiffs through a subpoena duces tecum served on March 22, 2011, and contained the following production requests:

(1) Any and all documents relating to the testing, and the results thereof, whether conclusive or inconclusive, of "the olive oil products of the Defendants" referred to in paragraph 2 of the Declaration.

(2) Any and all documents relating to the analysis, and the results thereof, whether conclusive or inconclusive, of "the olive oil products of the Defendants" referred to in paragraph 2 of the Declaration.

(3) Any and all documents upon which you based the following representation contained in paragraph 2 of the Declaration: "Callahan & Blaine has [] conducted exhaustive testing and analysis of the olive oil products of the Defendants in the instant action to confirm that they support the allegations made in the Complaint."

(4) Any and all documents upon which you based the following representation contained in paragraph 2 of the Declaration: "Unfortunately, the results of the testing have been inconclusive and additional testing and analysis is necessary in order to determine whether this action should be maintained against the currently named Defendants."

(Mot. to Compel, Ex. F at 4-5.) Plaintiffs argue that Sachs should be compelled to produce the requested documents because any work product protection that may have otherwise been applicable was waived when (1) Sachs violated Rule 45 by failing to provide a privilege log, and (2) Sachs or members of his law firm voluntarily disclosed "the testing and results." (Mot. to Compel at 4-8.) Sachs counters that all of the requested documents fall squarely within the requirements for work product protection, and that the limited oral statements made about the testing do not amount to a waiver.

## III. Discussion

### A. Work Product Protection

Sachs asserts that Plaintiff's motion to compel should be denied because the documents requested are subject to unwaived attorney work product protection under Fed. R. Civ. P. 26(b)(3) and 45(c)(3)(A)(iii). (Opp. to Mot. to Compel at 2-7.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00696-AG (MLGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

Under Rule 26(b)(3), which codified the common law work product doctrine, a party seeking to withhold otherwise discoverable materials must demonstrate that the materials withheld are (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) the materials were prepared by or for the party or the attorney asserting the privilege. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (discussing Fed.R.Civ.P. 26(b)(3)). Once these elements are established, the burden shifts to the party seeking discovery to demonstrate (1) a substantial need for the documents, and (2) an inability to otherwise obtain the materials or their "substantial equivalent" without undue hardship. *Holmgren v. State Farm Mutual Ins. Co.*, 976 F.2d 573, 576-77 (9th Cir. 1992) (describing rule and citing *Hickman v. Taylor*, 329 U.S. 495 (1947)).

Although the plain language of Rule 26(b)(3) solely protects parties to litigation, work product protection may be extended to subpoenaed non-parties through Rule 45(c)(3)(A)(iii), which states that an issuing court must grant a timely motion to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See Asarco LLC v. Am. Mining Corp.*, 2007 WL 3504774, at *4-6 (D. Id. 2007) (denying parties' motion to compel nonparty's production of subpoenaed documents and quashing subpoena under Rule 45(c)(3)(A)(iii) because the requested documents constituted work product and the parties requesting the documents failed to demonstrate a substantial need and inability to otherwise obtain the requested documents); *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698-99 (N.D. Ga. 2007) (reasoning that the combination of Rules 26(c), 45, and *Hickman* extend work product protection to a subpoenaed nonparty). Alternatively, nonparties may seek a protective order under Rule 26(c) to prevent disclosure of requested material. *See Ip Co., LLC v. Cellnet Tech., Inc.*, 2008 WL 3876481, at *4 (N.D. Cal. Aug. 18, 2008) (concluding that nonparties are not protected by Rule 26(b)(3) in the Ninth Circuit, but may seek a protective order under Rule 26(c) to prevent production of documents) (citing *In re California Pub. Util. Comm'm*, 892 F.2d 778, 780-81 (9th Cir. 1989)).

Here, Sachs argues that he should not be compelled to produce the requested documents because the requests call for "other protected matter" under Rule 45(c)(3)(A)(iii). Sachs argues that all of the requested documents are protected attorney work product because the requested documents were prepared exclusively for the purpose of the Orange County class action lawsuit, at the request of and with significant cost to his firm. Sachs further argues that Plaintiff has failed to demonstrate a substantial need for the documents and an inability to obtain a "substantial equivalent" of the documents without undue hardship. See *Garcia*, 214 F.R.D. at 591. These arguments are persuasive. All of the requested materials constitute classic work product as they are documents prepared at the request of Sachs's firm for the sole purpose of the Orange County lawsuit.

In addition, Plaintiffs have failed to demonstrate a substantial need for the materials or an inability to obtain the substantial equivalent without undue hardship. In their papers, Plaintiffs seem to argue that they have a substantial need for the requested documents because those documents "bear directly" on the issues in their pending lawsuits. This is a simple relevance argument. If simple relevance constituted a substantial need sufficient to overcome work product protection, the protection would be largely meaningless in practice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00696-AG (MLGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

Moreover, Plaintiffs have failed to demonstrate that they are unable to obtain the "substantial equivalent" of the requested work product without undue hardship. At the hearing, the Court repeatedly asked Plaintiffs why they could not perform their own testing of the products named in the Florida lawsuit, a question Plaintiffs did not answer. Indeed, the closest Plaintiffs came to articulating a substantial need or undue hardship related to the cost of commissioning their own olive oil tests. However, cost alone does not constitute substantial need or undue hardship. *See Hendrick v. Avis Rent A Car Sys., Inc.*, 916 F.Supp. 256, 260-61 (W.D.N.Y. 1996) (Plaintiff in products liability case failed to demonstrate substantial need to be present when car manufacturer conducted crash tests in preparation for lawsuit: "The fact that plaintiff would find it useful for his representatives to be present for [crash testing] does not demonstrate substantial need or undue hardship."); *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 649 (E.D. Cal. 2010) (rejecting claim of substantial need where requesting party identified convenience and expense as reasons for overcoming work product protection). This is especially true in a case where Plaintiffs are affirmatively pursuing a lawsuit and Plaintiffs' counsel understood, or should have understood, the costs of litigating such a case when they decided to take it on. Plaintiffs simply seek to obtain the fruits of Sachs's law firm's significant testing efforts for free, and Plaintiffs have failed to meet their burden to demonstrate entitlement to the protected documents.

**B.     Waiver**

Plaintiffs argue that, to the extent the work product doctrine would have protected the requested documents from production, that protection has been waived because (1) Sachs failed to provide a privilege log in violation of Fed. R. Civ. P. 45(d)(2); and (2) Sachs's state court declaration and his colleague's statements about the testing amounted to a waiver of the protection.

In support of the privilege log/waiver argument, Plaintiffs quote the following passage from an Eastern District of Pennsylvania case: "...[F]ailure to assert a privilege properly may amount to a waiver of that privilege." *Mass. Sch. of Law v. Am. Bar Ass'n*, 914 F.Supp. 1172, 1178 (E.D. Pa. 1996). However, that case simply states that waiver may be found where no privilege log is produced, and courts have discretion in determining whether a blanket assertion of privilege constitutes a waiver in a particular case. *See Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1147-49 (9th Cir. 2005) (refusing to adopt per se rule of waiver where privilege log was inadequate and untimely and rejecting a mechanistic approach to waiver); *Brinckerhoff v. Town of Paradise*, 2010 WL 4806966, at *8 (E.D. Cal. Nov. 18, 2010) (finding no waiver even where responding party failed to produce a privilege log). In determining whether an assertion of privilege or protection is sufficient, courts must consider (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. *Burlington N. & Santa Fe R.R. Co.*, 408 F.3d at 1149.

Here, these factors dictate against a finding of waiver. Plaintiffs' document requests are so specific that it is clear that all of the requested documents constitute classic work product. The requests seek only the testing and analysis done by Sachs's law firm for the exclusive purpose of the Orange County lawsuit. The assertion of work product protection without a privilege log does not prevent Plaintiffs or the Court from determining whether the requested documents are protected. Although in most cases, the Court does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00696-AG (MLGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

not encourage litigants to assert work product protection without providing a privilege log, waiver is inappropriate in this case. As discussed above, it is clear that Plaintiffs seek nothing more than to poach documents that were created by Sachs's law firm at significant cost to the firm and for the exclusive purpose of the Orange County lawsuit. A finding of waiver is inappropriate under these circumstances.

Plaintiffs' second argument, that Sachs's statements and those of his colleagues constituted a waiver of work product protection, is also unpersuasive. Plaintiffs argue that three limited and vague statements made by Sachs and a firm colleague disclosed enough information to waive all work product protection. In total, Sachs and his firm colleague made the following voluntary statements:

- In requesting dismissal without prejudice, Sachs filed a declaration attesting that: "Callahan & Blain has conducted exhaustive testing and analysis of the olive oil products of the Defendants in the instant action to confirm that they support the allegations made in the Complaint. Unfortunately, the results of the testing have been inconclusive and additional testing and analysis is necessary in order to determine whether this action should be maintained against the currently named Defendants." (Ex. D to Pl.'s Mot. to Compel.)

- In presenting the request for dismissal in "open court," Sachs's colleague stated informed the Orange County Superior Court that testing in Germany was complete and testing in the United States was ongoing. (Ex. H to Mot. to Compel.)

- In a newspaper article, Sachs's firm colleague is quoted as follows: "[P]laintiff attorney Daniel J. Callahan said his firm ran into difficulties when it sent olive oil samples to various laboratories for testing: The results, he said, were inconsistent. 'There were good grades in Georgia, but bad in California,' Callahan said Wednesday. 'It wasn't consistent enough to meet the profile of the kind of case' his firm handles." (Ex. E. to Mot. to Compel.)

While voluntary disclosure of information contained in protected documents can constitute a waiver of the protection, the limited information disclosed here did not constitute a waiver. These statements do not reveal anything more than the following facts: Sachs's firm has engaged in testing of olive oil products that, in his firm's opinion, has not led to results adequate to proceed with the state court class action complaint. The testing has been inconsistent or inconclusive. Some testing is completed while other testing is ongoing. Grades were good in California, bad in Georgia, and not consistent enough to continue with the case based on his firm's analysis.

Plaintiff provides no case law suggesting that such a limited disclosure of information constitutes a waiver, and it is illogical to conclude that the simple mention of a document's existence or inconclusiveness amounts to a waiver of protection of the entire document and substantive results. Here, Sachs and his colleagues revealed limited information about the study in order to obtain dismissal without prejudice in state court. The dismissal without prejudice was only six months ago, and Sachs has represented to the Court that further litigation remains a possibility. (*See* Opp. to Mot. to Compel at 6.) In *S.E.C. v. Roberts*, 254 F.R.D. 371 (N.D. Cal. 2008), the court considered whether attorneys hired to investigate stock options backdating waived work product protection when they made presentations to the corporation's board of directors about their findings. The attorneys made three presentations to the board about the "scope of the work they had done, where they were in the investigation, and their findings." 254 F.R.D. at 375-76. The

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-00696-AG (MLGx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Beverly Meyer, et al. v. Colavita, USA, Inc., et al. | | |

presentations also included oral discussions of the "substance" of witness interviews. The court concluded that these presentations constituted a waiver only to the extent the attorneys conveyed "factual information" about what the witnesses said. *Id.* Here, the only substantive facts arguably revealed were that grades were "good" in Georgia but "bad" in California. However, this vague statement attributed to Sachs's colleague does not reveal what olive oils were tested, when they were tested, how they were tested, or why the attorneys believed the grades to be "good" or "bad." After review of the case law and arguments made by counsel, I conclude that no waiver occurred and Plaintiffs are thus not entitled to the requested documents.

### III. Conclusion

For the reasons stated above and at the hearing held June 7, 2011, I conclude that the documents requested by Plaintiffs are subject to attorney work product protection and that there has been no waiver. Plaintiffs' motion to compel is denied.

Initials of Clerk    ts